UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN C. FELLS,

          Plaintiff,

          v.                        Case No. 09-C-301

DEPARTMENT OF WORKFORCE
DEVELOPMENT DIVISION OF
VOCATIONAL REHABILITATION,

          Defendant.

## ORDER THAT PLAINTIFF AMEND COMPLAINT

On March 18, 2009, Stephen C. Fells ("Fells"), proceeding pro se, filed a complaint against the defendant. (Docket No. 1.) Accompanying Fells' complaint was a motion for leave to proceed in forma pauperis. (Docket No. 2.)

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears

beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Based upon the information contained in his financial affidavit, the court is satisfied that the plaintiff lacks the financial resources to pay the required filing fee, and therefore the court shall turn to the second step of the analysis.

The precise nature of Fells action is unclear. At first blush, it appears that he is appealing the final decision of a state hearing officer and Fells is dissatisfied with the Division of Vocational Rehabilitation's ("DVR") handling and funding of his plan to open a convenience store. In his complaint he states, "I would like to return to first 'Impartial Hearing Officers' Decision and grant 'monies' for on going expenses," (Docket No. 1 at 3), and a decision of a hearing officer is attached to his complaint. However, reviewing this attached decision, it is unclear what in this decision Fells would be seeking to appeal. The decision appears to have been favorable to Fells.

Although the hearing officer found "there is enough documented information to allow closure of the case," he did not order DVR to close its file on Fells even though it had previously indicated that it was going to, because at the hearing, the DVR indicated it was willing to continue to work with Fells. (Docket No. 1 at 14.) The hearing officer therefore concluded,

> If DVR is to continue to work with Mr. Fells a new IPE must be developed. It must include exactly what Mr. Fells must do to continue the process and it must include time lines for accomplishment. It must address building/renovation costs, either to include or exclude. It must specify that non-compliance with any requested items or issues will result in closure of the case for lack of cooperation.

(Docket No. 1 at 14.)

However, Fells' reference to seeking the DVR to return to the "first" hearing officer's decision leads this court to speculate that maybe the attached decision is the "first" hearing officer's decision and perhaps there was a second hearing where the DVR closed its file on Fells. Thus, it would be this "second" decision that Fells is seeking to appeal. If this is true, it would be necessary for Fells to either attach to his complaint the decision he seeks to appeal or to clearly articulate precisely what it is he seeks to challenge in this case.

Because this court cannot discern the nature of Fells' action, the court shall permit Fells **30 days** in which to amend his complaint whereby he clearly states what it is that he seeks to challenge in this action. **Failure to appropriately amend his complaint within 30 days of this court's order shall result in Fells' complaint being dismissed**. Upon receiving Fells' amended complaint, the court shall promptly resolve Fells' motion to proceed in forma pauperis.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 2nd day of April 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
